[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2006
THOMAS K. KAHN
CLERK

No. 06-11322
Non-Argument Calendar

_____

D. C. Docket No. 03-03065-CV-P-S

KENNETH CHARLES EADY,

Plaintiff-Appellant,

versus

AMERICAN CAST IRON PIPE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 3, 2006)**

Before ANDERSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Kenneth Eady appeals the district court's grant of summary judgment to his

former employer, American Cast Iron Pipe Company ("ACIPCO"), in his action for

disability benefits, filed pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA").  On appeal, Eady argues that the district court employed the wrong standard of review of the pension plan's decision and that the plan's decision was made in bad faith.

ERISA does not provide a standard to review decisions of a plan administrator. In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948 (1989), the Supreme Court looked to the principles underlying trust law as largely defining the role and responsibilities of a plan fiduciary or administrator.  More specifically, the Court reasoned that, "where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court except to prevent an abuse by the trustee of his discretion."  Id. at 111, 109 S.Ct. at 954 (internal citation and quotation marks omitted).  Applying these principles, the Court established a range of standards that pertain to benefits determinations under ERISA:

> a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan . . . .  Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a facto[r] in determining whether there is an abuse of discretion.

Id. at 115, 109 S.Ct. at 956-57 (citations and quotation marks omitted).

Consistent with the Court's directive in Firestone, we have adopted three

2

standards of review for plan interpretations: (1) de novo, applicable where the plan administrator is not afforded discretion, (2) arbitrary and capricious when the plan grants the administrator discretion, and (3) heightened arbitrary and capricious where there is a conflict of interest. Buckley v. Metropolitan Life, 115 F.3d 936, 939 (11th Cir.), rehearing denied, 129 F.3d 617 (11th Cir. 1997) (citing Marecek v. BellSouth Services, Inc., 49 F.3d 702, 705 (11th Cir. 1995)).

It is clear from our precedent that de novo review is not appropriate in this case because the plan at issue grants discretion to the administrator. The plan provides that the administrator has the right and duty to construe the plan, decide all questions of eligibility, and determine the amount, time and manner of all payments. See Buckley, 115 F.3d at 939. Additionally, we agree with the district court that the heightened arbitrary and capricious standard does not apply because of the way that the plan is structured. Like the plan in Turner v. Delta Family-Care Disability, 291 F.3d 1270 (11th Cir. 2002), the ACIPCO plan is funded via irrevocable periodic contributions. As Eady points out, the plan provides that the only time that ACIPCO can receive money from the plan is if benefits were awarded erroneously and the overpayment can only be recouped for the prior year. Because Eady is not seeking reinstatement of benefits but instead the award of benefits, there is no conflict of interest. Because there is no conflict of issue, we review the plan administrator's

decision denying disability benefits to determine if it was arbitrary or capricious.

As long as a reasonable basis appears for the plan administrator's decision, it must be upheld as not being arbitrary or capricious, even if there is evidence that would support a contrary decision. Jett v. Blue Cross & Blue Shield of Ala., 890 F.2d 1137, 1140 (11th Cir. 1989). "When conducting a review of an ERISA benefits denial under an arbitrary and capricious standard (sometimes used interchangeably with an abuse of discretion standard), the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made." Id. at 1139.

Here, the district court assumed arguendo that the decision made by the plan administrator was incorrect. However, it determined that the decision was not arbitrary or capricious based on the information that the administrator had in front of it. As the district court noted, ACIPCO did not dispute Eady's diagnosis of Chronic Fatigue Syndrome; rather, it disputed the severity. This determination was based on Dr. Pitts' conclusions and bolstered by the videotape surveillance of Eady. We cannot say that, given the record in front of it, the administrator's decision was arbitrary or capricious.

**AFFIRMED.**[1]

---

[1] Eady's request for oral argument is denied.